# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

DORVAL KAIUN K.K.                                         CIVIL ACTION
                                                          NO. 08-1176

VERSUS

ARION SHIPPING LTD AND ONAR                               SECTION M
MARITIME S.A. *in personum*

## ORDER

Before the Court is Aldemar Shipholding Company's (Ademar's) Motion to Vacate the attachment of its vessel, M/V ANNOULA. Plaintiff, Dorval Kaiun K.K. (Dorval) opposes the motion, and the matter came for hearing March 7, 2008, on an expedited basis with oral argument and presentation of some evidence.

After considering the briefs and arguments, the Court finds Dorval has produced a sufficient smattering of evidence and supportable presumptions to maintain the attachment.

Taking into consideration what is before the Court and measuring this by the standards discussed in the Second Circuit's opinion in <u>Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd.,</u> 460 F.3d 434 (2nd Cir. 2006), I find a sufficient basis from the evidentiary submissions to reach this tentative conclusion, though it may later be shown incorrect, taking note that the standard of proof may now require a somewhat lower threshold than has been recognized in earlier cases by this District Court.

In Aqua Stoli the Second Circuit concluded that "although the precise boundaries of a district court are not before us," an attachment should issue upon a plaintiff's showing of a valid prima facie claim against the defendant.[1]  Subsequent district court opinions have interpreted the Aqua Stoli holding to mean that a plaintiff's burden at a Rule E (4) (f) hearing is sufficient if it shows a valid prima facie claim.  See SPL Shipping v. Gujarat Cheminex Ltd. Slip Copy, 2007 WL 831810 S.D.N.Y., March 15, 2007, p.3 (citations omitted); (immediate appeal denied), Slip Copy, 2007 WL 1119753, S.D.N.Y., April 12, 2007.

Though suggested by counsel for mover, this Court is not aware of any long-standing conflict between the Fifth and Second Circuit in these matters.  Indeed this District Court recently followed the Aqua Stoli standard in a similar case.  See Koninklijke Boskalis Westminster NV et al. v. Mediterranean Shipping Company S.A. et al. (2:07-cv-02796, rec. doc.#25, 6/11/07).

The Court is grateful for the hard work done on short notice by counsel for both parties.

**Accordingly,** the Motion to Vacate is **DENIED.**

New Orleans, Louisiana, this 10th day of March, 2008.

Peter Beer
United States District Judge

---

[1] "We therefore hold that, in addition to having to meet the filing and service requirements of Rules B and E, an attachment should issue if the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant;..." Id. at 445.